UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN CAULTON,

        Petitioner,

v.                                                      Case Number: 09-CV-11971
                                                      Honorable Marianne O. Battani

CARMEN PALMER,

        Respondent.

_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Before the Court is Petitioner Benjamin Caulton's *pro se* "Writ of Execution," filed pursuant to Fed.R.Civ.P. 60(b), which the Court construes as a petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Michigan Reformatory in Ionia, Michigan. In his *pro se* pleadings, Petitioner challenges his conviction and sentence for one count of first-degree criminal sexual conduct, which was imposed following a bench trial in the Wayne County, Michigan, Circuit Court on July 26, 1995. On September 21, 1995, The Honorable Cynthia Gray Hathaway sentenced Petitioner to twenty- to sixty-years imprisonment for that conviction.

Previously, Petitioner filed a habeas petition in federal court, challenging the same conviction and sentence, which was denied on the merits. *Carlton v. Smith*, No. 04-CV-74814, (E.D. Mich. Feb. 22, 2007) (Steeh, J.). Subsequently, on July 17, 2008, Petitioner again filed a habeas petition, which was assigned to The Honorable Anna Diggs Taylor, and transferred to the Sixth Circuit because it was a successive petition. *Carlton v. Palmer*, No. 08-13083 (E.D. Mich. Aug. 7, 2008) (Taylor, J.). For the following reasons, the Court concludes that it must also transfer this case to the United States Court of Appeals for the Sixth Circuit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

U.S.C. § 2241 *et. seq.*, amended 28 U.S.C. §§ 2244, 2253, and 2254, govern habeas corpus proceedings in federal courts.  Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).  This requirement transfers to the court of appeals a screening function which the district court previously performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

This is Petitioner's third petition.  Petitioner has not obtained appellate authorization to file this subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

DATED: June 17, 2009

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

CERTIFICATE OF SERVICE

      I hereby certify that on the above date a copy of this Order was served upon the petitioner, Benjamin Caulton.

                                                s/Bernadette M. Thebolt
                                                Case Manager